AARON J. MOSS (SBN 190625)
    aaron.moss@msk.com
JOSHUA M. GELLER (SBN 295412)
    josh.geller@msk.com
HANNAH G. SHEPHERD (SBN 347611)
    hannah.shepherd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Spyglass Media Group, LLC and
Paramount Pictures Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SPYGLASS MEDIA GROUP, LLC, a Delaware limited liability company; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE ALTERIAN GHOST FACTORY, INC. d/b/a ALTERIAN, INC., a California corporation; and DOES 1–10,<br><br>            Defendants. | CASE NO. 2:26-cv-1235<br><br>**NOTICE OF RELATED CASE**<br><br>Related Case:<br><br>Case No. 2:26-cv-01260 |

## NOTICE OF RELATED CASE

Pursuant to Local Rule 83-1.3, Plaintiffs Spyglass Media Group, LLC ("Spyglass") and Paramount Pictures Corporation ("Paramount," and collectively with Spyglass, "Plaintiffs") respectfully submit this Notice of Related Case to inform the Court that this action (the "Lead Action") relates to a subsequently filed case that is pending in this Court before the Hon. John F. Walter, United States District Judge, captioned *The Alterian Ghost Factory, Inc. d/b/a Alterian, Inc. v. Easter Unlimited, Inc. d/b/a Fun World et al.*, Case No. 2:26-cv-01260 (the "Related Action"). For the court's convenience, a true and correct copy of the Complaint in the Related Action (Dkt. 1, the "Related Complaint") is attached hereto as Exhibit A.

Pursuant to Local Rule 83-1.3, the Related Case is "related" to the Lead Case because it arises from the same or a closely related transaction, happening, or event and calls for determination of the same or substantially related or similar questions of law and fact.

The Related Action is an action for declaratory relief, which Plaintiffs filed after receiving a demand letter from Defendant The Alterian Ghost Factory, Inc. d/b/a Alterian, Inc. ("Alterian") on January 29, 2026 threatening litigation. Plaintiffs are seeking a declaration that they have not infringed Alterian's purported copyright in its so-called "Wailer" costume mask, which Alterian contends is substantially similar to the "Ghostface" mask featured in the well-known *Scream* and *Scary Movie* film franchises, which are produced and distributed by Plaintiffs. Plaintiffs also seek a declaration that Alterian is barred from seeking equitable relief by virtue of its deliberate thirty-year delay in asserting its purported rights.

The Lead Action was filed on Friday, February 6, 2026. Later that day, Alterian filed the Related Action. In the Related Action, Alterian asserts that exact same claim for copyright infringement and seeks the same equitable relief against

Plaintiffs that Plaintiffs seek to preclude in the Lead Action. The specific copyright at issue in both cases is identical. *Compare* Lead Complaint, ¶ 32 *with* Related Complaint, ¶ 5. The alleged infringement at issue in both cases is identical. *Compare* Lead Complaint, ¶ 48 ("Alterian has asserted that Plaintiffs' exploitation of the Ghostface mask infringes the Asserted Copyright.") *with* Related Complaint, ¶ 36 (alleging that the "Infringing Ghostface Mask [is] strikingly similar to the *Wailer* Mask"). The requested relief in each action mirrors the other. *Compare* Lead Complaint, ¶ 52 ("Plaintiffs therefore seek a declaration that (1) Plaintiffs do not infringe the Asserted Copyright through their depiction of the Ghostface mask; (2) Alterian is barred by its unreasonable and prejudicial delay … from seeking or obtaining injunctive or other equitable relief"), *with* Related Complaint, Prayer for Relief (seeking "enjoinment of [Lead Plaintiffs] from further direct and contributory infringement of the *Wailer* Mask, including from reproducing, distributing, selling, licensing, and displaying publicly [Lead Plaintiffs'] Infringing Masks").

"Local Rule 83-1.3.1 is intended to prevent the substantial duplication of labor by multiple judges, and a Notice of Related Cases must be filed any time 'it reasonably should *appear* that the case relates to another.'" *Espinosa v. Genesis Healthcare, Inc.*, No. CV 20-688-JFW(JEMX), 2020 WL 10506033, at *1 (C.D. Cal. Oct. 15, 2020) (emphasis in original). Because the Lead Action and the Related Action involve the same claims and facts, the two should be related.

DATED: February 18, 2026        MITCHELL SILBERBERG & KNUPP LLP

By: _____
Aaron J. Moss
Joshua M. Geller
Hannah G. Shepherd
Attorneys for Plaintiffs Spyglass Media
Group, LLC and Paramount Pictures
Corporation

# EXHIBIT A

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Brian M. Wheeler    State Bar No. 266661
    BWheeler@aalrr.com
Jon Ustundag    State Bar No. 330133
    Jon.Ustundag@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiff
The Alterian Ghost Factory, Inc. dba Alterian, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE ALTERIAN GHOST FACTORY, INC. dba ALTERIAN, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> EASTER UNLIMITED, INC. dba FUN WORLD, a New York corporation, PARAMOUNT PICTURES CORP., a Delaware corporation, SPYGLASS MEDIA GROUP, LLC, a Delaware limited liability company, and DOES 1-100, inclusive, <br><br> Defendants. | Case No.  2:26-cv-01260 <br><br> **COMPLAINT FOR:** <br> **(i)  DIRECT COPYRIGHT INFRINGEMENT** <br> **(ii)  CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br> **(iii)  VICARIOUS COPYRIGHT INFRINGEMENT** <br><br> **AND DEMAND FOR JURY TRIAL** |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Plaintiff The Alterian Ghost Factory, Inc. dba Alterian, Inc. ("Alterian" or "Plaintiff"), by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **INTRODUCTION**

1. They say that imitation is the sincerest form of flattery, but for Alterian, the shine of Defendants' flattery has worn off, and their true colors have shown through. Despite stringing along Alterian for more than a year with enticements of brokering a mutually acceptable resolution, Defendants—goliaths in the industry—shamelessly continue to rip off and profit from Alterian's creative work with impunity. Alterian's had enough.

2. Alterian is a well-known United States-based studio specializing in the design and creation of animatronic and prosthetic makeup effects as well as masks, props, and costumes.

3. Through the years, Alterian has been credited in world renowned and widely recognized motion pictures, television shows, music videos and performances, and commercials. Alterian's long list of credits includes crafting world-famous disk jockey duo Daft Punk's iconic helmets, Academy Award-nomited makeup effects of *Jackass Presents: Bad Grandpa* (2013), designing the iconic cavemen in Geico insurance commericals, and film and television franchises such as *Hocus Pocus*, *Scary Movie*, *The Hangover*, *Breaking Bad*, *Chucky*, *The Addams Family*, and *Spongebob Squarepants*.

## A. Origin of the *Wailer* Mask

4. Separetely, Alterian has been in the business of making and selling Halloween costumes for consumers since the early 1990s. In early 1991, as part of its Halloween costume business, Alterian created and began commercializing a ghost mask and costume kit product line embodying unique expressions of ghost faces called *Ghost Maker*. The *Ghost Maker* line is comprised of six distinct masks. Alterian is the creator and exclusive owner of these six masks, for which Alterian

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 2 -

holds valid copyright registrations.[1]  A marketing material depicting the entire *Ghost Maker* line is reproduced on the next page as **Figure 1**.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**Fig. 1**

---

[1] Alterian reserves the right to pursue claims based on the infringement of each and every mask comprising the *Ghost Maker* line that are not included in this Complaint after further investigation and discovery into additional acts of infringement.

- 3 -
COMPLAINT

5. Among these six masks is a mask titled *Wailer* ("*Wailer* Mask"), which is the subject of U.S. Copyright Registration No. VA 2-370-271 (the "Copyright Registration"). A copy of the Copyright Registration is attached here as **Exhibit A** and an image of the deposit of the Copyright Registration is reproduced below as **Figure 2**.



**Fig. 2**

6. Alterian began mass producing, marketing, and selling the *Wailer* Mask and rest of the *Ghost Maker* line in 1991. An exemplary marketing material of Alterian dated June 3, 1991, featuring the *Wailer* Mask is reproduced on the next page as **Figure 3** and an image of the user instructions for the *Wailer* Mask dated 1991 is reproduced on the next page as **Figure 4**. Notably, the *Wailer* Mask portion of the *Ghost Maker* kit is referred to as "Ghost Face" in the marketing material as well as the user instructions as shown below, the relevance of which will become more apparent in later sections of the Complaint.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Fig. 3**



**Fig. 4**

- 5 -

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**B.     Fun World's Infringement of the *Wailer* Mask**

7.     Alterian's marketing activities for the *Ghost Maker* line included attending trade shows, particularly between 1991 and 1994.  Easter Unlimited, Inc. dba Fun World ("Fun World"), a major Halloween costume and merchandise business at the time, sponsored and frequented these trade shows where Alterian's *Ghost Maker* line was featured.  In fact, at one such trade show, Fun World requested a future meeting with Alterian to discuss the possibility of Fun World licensing Alterian's *Ghost Maker* line.  Alterian agreed to meet with Fun World, but the meeting was eventually cancelled unilaterally by Fun World.

8.     In 1992, following the popularity of the *Ghost Maker* line, as demonstrated by its sales surpassing thousands and the attention it garnered at trade shows and among consumers and enthusiasts in the Halloween mask and costume industry, Fun World, which had access to and demonstrated interest in the *Ghost Maker* line at least at the trade shows, unabashedly copied the *Ghost Maker* line and released a line of strikingly similar ghost masks under the label *Fantastic Faces* that copied virtually all distinct design elements from the *Ghost Maker* masks.  An image of Fun World's *Fantastic Faces* line (**Figure 5** below) and the image of the *Ghost Maker* line depicted in **Figure 1** above are reproduced side-by-side below to show the undeniable striking similarity of the *Fantastic Faces* masks to the *Ghost Maker* masks.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 6 -

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**GHOST MAKER**™

LOVEY TATE     WAILER     SCREECH

LIL'
BOO BOO     LIL'
SARA SPOOK     LIL'
GHOST DUDE

**Fig. 1 (reproduced)**



**Fig. 5**

9. As evident from the foregoing reproductions, the striking similarities between not one but four of the *Ghost Maker* masks and the *Fantastic Faces* masks belie mere coincidence. In fact, Alterian is informed and believes that within months after one of the trade shows where Alterian published, promoted, and sold the *Ghost Maker* masks, Fun World tasked one of its designers, to specifically appropriate the *Ghost Maker* masks into a new mask line for Fun World to sell, which resulted in the above-depicted and shamelessly copied infringing *Fantastic Faces* masks.

**C.** **Infringement of the Wailer Mask in the *Scream* Film Franchise**

10. Alterian is informed and believes that in or about 1992, film producers Wes Craven and Marianne Maddalena were preparing to shoot a horror film and stumbled upon of a *Fantastic Faces* mask strikingly similar to the *Wailer* Mask ("Fun World's Infringing Mask") at a home in Northern California that was being scouted

as one of the potential filming locations.

11.    Alterian is further informed and believes that Mr. Craven and Ms. Maddalena, unaware at the time of the earlier *Wailer* Mask that Fun World shamelessly and intentionally copied for its own substantially and strikingly similar design, decided to use Fun World's Infringing Mask as part of the costume to be worn by the main antagonist in their film and obtained a license from Fun World to do so. Their film would later be known as the first installment of one of the most famous slasher horror film franchises in the world, *Scream*, and the main antagonist would become the iconic Ghostface, synonymous with, and inseparable from, the timeless mask worn by the character (the "Infringing Ghostface Mask," and together with Fun World's Infringing Mask, "Defendants' Infringing Masks").  The naming of the character is indeed curious given Alterian publicly referred to the *Wailer* Mask portion of its *Ghost Maker* kit as "Ghost Face" in 1991, before *Scream* was ever produced.  *See* **Figs. 3-4**, above.

12.    Although over time the Fun World-licensed Infringing Ghostface Mask underwent minor tweaks from Fun World's Infringing Mask, each iteration of the Infringing Ghostface Mask and its derivatives still include virtually all distinct design elements Fun World copied from the *Wailer* Mask and each is strikingly similar to and infringes Alterian's exclusive copyrights in the *Wailer* Mask.

13.    To this day, having pieced together the facts after mistakenly seeking and obtaining a license from Fun World for its knockoff copy, Fun World's Infringing Mask, those involved in creating and producing *Scream* credit Alterian as the true original work origin from which the Infringing Ghostface Mask was ultimately copied and made famous to great commercial success.  For example, in describing of the origin of Defendants' Infringing Masks, *Scream* producer Marianne Maddalena's personal web page acknowledges, "[*Fantastic Faces* masks] . . . emulated the look and feel of the draped sheet shrouds of the Alterian Ghost Factory artists . . . which

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

inspired Fun World's designs."[2]

14.     Today, *Scream* is a multi-million-dollar franchise with six installments, a television series, and a seventh installment that is set to be released on February 27, 2026. *Scream* has also been parodied extensively in the first installment of the *Scary Movie* franchise, a series of raunch comedy films that traditionally make fun of horror films. In *Scary Movie* (2000), masks substantially and strinkingly similar to the *Wailer* Mask have been featured in portraying the character based on Ghostface. *Scream*'s Ghostface—i.e., the Infringing Ghostface Mask—even appears in widely successful video game franchises such as *Call of Duty*, *Mortal Kombat*, *Among Us*, and *Fortnite*. Due to its tremendous and continuous following, *Scream*-related merchandise, particularly Defendants' Infringing Masks, continues to be a significant revenue source for all but the creator and owner of the original work it infringes—Alterian.

15.     Alterian is informed and believes that Fun World has, and continues to, financially benefit tremendously from Defendants' Infringing Masks, which includes licensing them to film, television, and video game producers and distributors as well as merchandisers that wish to feature Defendants' Infringing Masks and making and selling its own merchandise featuring or based on Defendants' Infringing Masks.

16.     Alterian is further informed and believes that Paramount Pictures Corporation ("Paramount") is the distributor of the fifth and sixth installments of *Scream*, *Scream* (2022) and *Scream VI* (2023), respectively, as well as the upcoming seventh installment, *Scream 7* (2026).

17.     Alterian is further informed and believes that Paramount is also the distributor of the upcoming *Scary Movie* 6 (2026), which will feature one or more masks substantially and strikingly similar to the *Wailer* Mask in portraying a character

---

[2]     *See*   https://www.mariannemaddalena.com/gallery?lightbox=dataItem-kx6funsr (last accessed February 6, 2026).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

based on Ghostface and is currently set to be released on June 12, 2026.

18. Alterian is further informed and believes that Fun World has licensed to Paramount, either directly or indirectly, film distribution rights for Fun World's Infringing Mask, which include movie theatre releases, DVD/Blu-Ray releases, online streaming, television screening, trailers, posters, merchandise, and other promotional materials and will continue to purport to license such rights for re-releases of both existing and future works. However, Paramount's use, publication, and dissemination of pictures, videos, drawings, depictions, logos, design marks, banners, and other visuals featuring the Infringing Ghostface Mask or any other copy or substantially similar expression of the *Wailer* Mask still infringe Alterian's federally registered, exclusive copyrights in the *Wailer* Mask, irrespective of any purported license from Fun World. Alterian is informed and believes that Paramount has, and continues to, financially benefit tremendously from Defendants' Infringing Masks, which play an integral and significant role in attracting and driving the popularity and success of the *Scream* films and are responsible for generating a substantial portion of the revenue Paramount derives from the *Scream* films and other licensed uses of Defendants' Infringing Masks.

19. Alterian is further informed and believes that Spyglass Media Group, LLC ("Spyglass") is the producer of *Scream* (2022), *Scream VI* (2023), and the upcoming *Scream 7* (2026).

20. Alterian is further informed and believes that Fun World has licensed to Spyglass, either directly or indirectly, rights to produce and edit motion pictures, motion picture cuts, television shows, and spin-offs, based on Defendants' Infringing Masks and will continue to license such rights for new cuts of both existing and future works, all of which infringe Alterian's copyrights. Indeed, Spyglass's productions featuring the Infringing Ghostface Mask or any other copy or substantially similar expression of the *Wailer* Mask still infringe Alterian's federally registered, exclusive copyrights in the *Wailer* Mask, irrespective of any purported license from Fun World.

- 10 -

COMPLAINT

Alterian is informed and believes that Spyglass has, and continues to, financially benefit tremendously from Defendants' Infringing Masks, which play an integral and significant role in attracting and driving the popularity and success of the films and are responsible for generating a substantial portion of the revenue Spyglass derives from the films and other licensed uses of Defendants' Infringing Masks.

21. Without obtaining permission or authorization from Alterian or compensating Alterian, Fun World, Paramount, Spyglass, and DOES 1-100 (collectively, "Defendants") have infringed Alterian's copyrights by copying, publicly displaying, reproducing, and distributing the *Wailer* Mask and incorporating them in derivative works. Alterian is informed and believe that DOES 1-100 include business entities and/or individuals that are parents, subsidiaries, affiliates, partners, and/or agents of one or more other Defendants, and other business entities and/or individuals that are licensees of one or more other Defendants that worked in concert with one or more other Defendants in committing the acts which the Claims in this Complaint are directed to.[3]

**D.     Infringements Are Willful**

22. Additionally, one or more Defendants knowingly and willingly infringed, and continue to infringe, Alterian's copyrights in the *Wailer* Mask and induced, and continue to induce, the infringing conduct of one or more other Defendants, by purporting to license Fun World's Infringing Mask and/or the Infringing Ghost Face Mask, knowing they had no ownership, title, or rights to the *Wailer* Mask, for financial gain to a number of licensees who infringe Alterian's copyrights by copying, publicly displaying, reproducing, and distributing the *Wailer*

_____

[3] These additional potential Doe Defendants include, for example, retailers, wholesalers, distributors, theaters, production companies, and other persons and entities, all of which are also infringing Alterian's exclusive copyrights in the *Wailer* Mask for which Alterian reserves all rights as the identities and extent of additional infringement becomes known to Alterian about these infringers during discovery.

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Mask and/or incorporating them in derivative works.

23.    While Fun World's willfulness is apparent from at least the fact that it copied not one but *four* unique *Ghost Maker* masks to make the entirety of its *Fantastic Faces* line of masks, Fun World, Paramount, and Spyglass were also each notified of their respective infringements and Alterian's superior rights in the *Wailer* Mask in cease-and-desist letters penned by counsel for Alterian in the summer of 2024.  Since then, Defendants continue to infringe Alterian's copyrights in the *Wailer* Mask despite being put on notice and demanded to immediately and permanently cease all infringing activities.

24.    After Alterian transmitted its cease-and-desist letters to Fun World, Paramount, and Spyglass, respectively, the parties engaged in preliminary, yet substantive, settlement discussions.  Principals of Alterian and Spyglass thereafter continued to engage in months-long discussions about a potential global resolution involving Defendants, but no resolution was reached.  After months of discussions, on a conference call that took place on January 15, 2026, between Alterian and Spyglass and their respective counsel, it became apparent to Alterian that the parties were too far apart to resolve this matter and that judicial intervention was necessary to vindicate Alterian's rights and recover the amounts it is entitled to on account of Defendants' ongoing, willful copyright infringement.

25.    Accordingly, Alterian brings this lawsuit for direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement against Defendants.

### **THE PARTIES**

26.    Plaintiff The Alterian Ghost Factory, Inc. dba Alterian, Inc. is a California corporation.  Its principal office is located in Irwindale, California, within this District.

27.    Plaintiff is informed and believes and thereon alleges that Defendant Easter Unlimited, Inc. dba Fun World is a New York corporation with a principal

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

place of business in Carle Place, New York.

28.     Plaintiff is informed and believes and thereon alleges that Defendant Paramount Pictures Corp. is a Delaware corporation with a principal place of business in Los Angeles, California, within this District.

29.     Plaintiff is informed and believes and thereon alleges that Defendant Spyglass Media Group, LLC is a Delaware limited liability company with a principal place of business in Los Angeles, California, within this District.

30.     Plaintiff is unaware of the true names of Defendants DOES 1-100, inclusive, and thus sues them by fictitious names.  Plaintiff will amend the Complaint to insert the true names of the DOES 1-100 once ascertained.

## JURISDICTION AND VENUE

31.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*  All Claims are based upon a common nucleus of operative facts, and the entire action commenced by this Complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

32.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

33.     Plaintiff are informed and believe and thereon allege that this Court has personal jurisdiction over Defendants because Defendants reside in this District, regularly conduct and solicit business in California, derive substantial revenue from goods and services rendered in California, including from Defendants' Infringing Masks, and/or expect or reasonably should expect their infringing conduct—much of which occurred and continues to occur in California—to have consequences in California.

34.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(a) in that Defendants have a regular and established place of business in this District and/or a substantial part of the acts and omissions giving rise to the claims occurred in this District.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 13 -
COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## FACTUAL BACKGROUND

35. Starting in 1991, Alterian's *Wailer* Mask was sold as part of a *Ghostmaker* kit and was labeled "Ghost Face." The *Wailer* Mask, which is the subject of the Copyright Registration, has droopy hollowed out eyes that are raised towards the forehead portion of the face and sag down as the eyes part away from each other, pronounced cheekbones, a nasal cavity in lieu of a nose, and an elongated and hollowed out mouth that is vertically open so wide such that a chin portion of the face is virtually nonexistent. All of the aforementioned defining attributes of the Wailer Mask are also present in Fun World's Infringing Mask and the Infringing Ghostface Mask. *See* **Figs. 3-4**. A side-by-side comparison of the *Wailer* Mask, Fun World's Infringing Mask, and the Infringing Ghostface Mask as it first appeared in *Scream* (1996) is provided below with **Figures 2 (reproduced), 6, and 7**, respectively.

  

**Fig. 2 (reproduced)**       **Fig. 6**       **Fig. 7**

36. As evident from the above comparison, Fun World's Infringing Mask and the Infringing Ghostface Mask are strikingly similar to the *Wailer* Mask, which predates both masks. Defendants' infringements of the copyrights in the *Wailer* Mask was consistent over the years, with new iterations of the Infringing Ghostface Mask and Fun World's Halloween and fan merchandise, which are no longer sold under the *Fantastic Faces* label but instead tied to the *Scream* films, still not deviating from the defining attributes of the *Wailer* Mask. *Scream VI* (2023), which is the latest released

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

*Scream* installment, still features Ghostface as the main antagonist. While the character behind the mask may have changed, the Infringing Ghostface Mask worn by the character is still substantially, if not strikingly, similar to the *Wailer* Mask. Similarly, from the promotional materials of the upcoming *Scream 7* (2026), it appears the Infringing Ghostface Mask depicted in the film will also be strikingly similar to the *Wailer* Mask. Images of the Infringing Ghostface Masks featured in *Scream VI* (2023) and *Scream 7* (2026) are reproduced below as **Figures 8 and 9**, respectively.




**Fig. 8**                    **Fig. 9**

37. Alterian is informed and believes that Paramount and Spyglass collectively profited approximately $140 million from box office and home entertainment sales (i.e., DVD, Blu-Ray, online purchase, stream) of *Scream VI* (2023) with a reported production budget of approximately $35 million. Alterian is further informed and believes that the upcoming *Scream 7* (2026) had a reported production budget of approximately $45 million and is expected to make a collective profit of at least another $140 million for Paramount and Spyglass. Additionally, Alterian is informed and believes while the budget of the upcoming *Scary Movie 6* (2026) that is to be distributed by Paramount has not been released, it is poised to generate tens if not hundreds of millions of dollars from box office and home entertainment sales considering the budgets and revenues of its prequels (e.g., $278

COMPLAINT

million revenue with a $19 million budget for *Scary Movie* (2000)).

38.    Fun World, on the other hand, has made at least tens of millions of dollars in profit from its infringing activities, including licensing deals and merchandise sales, in the past three years from the date of filing of this Complaint alone based on Alterian's information and belief.  Alterian is further informed and believes that Fun World profited additional tens of millions of dollars from infringing activities unknown (or reasonably unknowable) by Alterian as late as three years ago from the date of filing of this Complaint.  Alterian is further informed and believes that Fun World is set to make tens of millions of dollars in additional profit in 2026 and the future following the release of *Scream 7* (2026), which will no doubt boost its merchandise sales and licensing revenue and profit.

39.    The release of *Scream* (1996) and its transformation into an extensive and lucrative franchise premised on Alterian's *Wailer* Mask was understandably upsetting to Alterian's founder and principal, Tony Gardner.  After *Scream* (1996) and its initial sequels were released, Mr. Gardner consulted advisors and professionals to weigh Alterian's options in enforcing its copyrights in the *Wailer* Mask and putting an end to the series of infringements.    At the time, however, Mr. Gardner unfortunately received ill advice about Alterian's rights and remedies unsupported by copyright law, and Mr. Gardner and Alterian, an independent artist and small family business, respectively, lacked the financial resources and wherewithal to take on a legal battle with industry giants like Fun World and major motion picture production and distribution studio behemoths like Paramount and Spyglass.

40.    However, after making acquaintance of Alterian's counsel of record, who dutifully corrected Mr. Gardner's previously mistaken understanding of copyright law, and reaching his tipping point after hearing yet another *Scream* installment was in production (i.e., *Scream 7* (2026)), Mr. Gardner decided to enforce Alterian's rights and engage in dialogues with Defendants to attempt to amicably resolve this matter.  At the behest of Alterian, Alterian's counsel sent cease-and-desist

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

letters to each of the Defendants in the summer of 2024. Thereafter, counsel for the parties engaged in some preliminary, yet substantive settlement discussions, which were subsequently taken over by direct principal-to-principal discussions between the principals of Alterian and Spyglass over many months in an attempt to reach a global resolution. Ultimately, however, no resolution was reached, and after a conference call on January 15, 2026, between Alterian and Spyglass and their respective counsel, it became apparent to Alterian that the parties were too far apart to resolve this matter without judicial intervention to enforce and vindicate Alterian's rights, and to address Defendants' ongoing willful copyright infringement.

## COUNT I

## (Direct Copyright Infringement—17 U.S.C. § 501, *et seq.*)

41. Plaintiff repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

42. Plaintiff is the owner of valid copyrights in the *Wailer* Mask.

43. As the owner of the *Wailer* Mask, Plaintiff has the exclusive right to copy, reproduce, distribute, display publicly, prepare derivative works of, license and sell the *Wailer* Mask.

44. Without permission or authorization, Defendants copied original elements from Alterian's *Wailer* Mask, and reproduced, displayed, distributed, and/or prepared derivative works of the *Wailer* Mask, including in particular as embodied in Defendants' Infringing Masks.

45. To the extent Defendants' Infringing Masks include any new material that is independent of the preexisting *Wailer* Mask, or which attempts to recast, transform, or adapt the *Wailer* Mask, Defendants' Infringing Masks are derivative of the *Wailer* Mask and infringe on Alterian's superior, preexisting copyright in the *Wailer* Mask.

46. Defendants had access to Alterian's *Wailer* Mask, and there are substantial similarities between Defendants' Infringing Masks and Alterian's *Wailer*

COMPLAINT

Mask. Defendants had a reasonable opportunity to view Alterian's *Wailer* Mask before any of Defendants' Infringing Masks were created. Moreover, the similarity between Alterian's *Wailer* Mask and Defendants' Infringing Masks is so striking that it is evident that Defendants' Infringing Marks were not created independent of Alterian's *Wailer* Mask. Fun World's contemporaneous copying of three additional Alterian masks in addition to the *Wailer* Mask further demonstrates access to the Alterian masks, including the *Wailer* Mask.

47. Without permission or authorization, Defendants licensed Defendants' Infringing Masks without first obtaining a license from Alterian for Defendants' unlawful copying and/or derivative use of the *Wailer* Mask, including as embodied in Defendants' Infringing Masks and other violative and derivative works.

48. Defendants performed the acts alleged in the course and scope of their business activities.

49. As a result of the infringement of the *Wailer* Mask, Plaintiff has been damaged and Defendants have been unjustly enriched.

50. The harm caused to Plaintiff has been irreparable.

51. Defendants' actions violate Plaintiff's exclusive rights as the copyright owner of the *Wailer* Mask.

52. Defendants' infringements are knowing and willful.

53. Defendants have harmed and will continue to harm Plaintiff unless enjoined and restrained by this Court.

54. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing the *Wailer* Mask and ordering Defendants to destroy or surrender goods made in violation of Plaintiff' copyrights.

55. Defendants' infringements have caused and will continue to cause Plaintiff damages.

56. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including infringers' profits of Defendants for infringement that has occurred or which Plaintiff

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

became aware of three years before the filing date of this Complaint, including profits earned before the three-year period for infringement claims that accrued (i.e., when infringement was first discovered or reasonably discoverable) within the three-year period, and for future infringements.

57. Infringers' profits include, but are not limited to, profits derived from *Scream VI* (2023), *Scream 7* (2026), *Scary Movie 6* (2026), merchandise, licensed goods, home entertainment sales of all *Scream* films, Season 3 of the *Scream* television series, video games, and other derivative works for which a claim accrued within the three-year period.

58. In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages.

59. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT II
### (Contributory Copyright Infringement)

60. Plaintiff repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

61. Without permission or authorization from Plaintiff, Defendants licensed Defendants' Infringing Masks without first obtaining a license from Alterian for Defendants' unlawful copying and/or derivative use of the *Wailer* Mask, including as embodied in Defendants Infringing Masks and other violative and derivative works.

62. Without permission or authorization from Plaintiff, Defendants approved other Defendants to make and sell infringing goods that infringe the copyrights in the *Wailer* Mask.

63. Without permission or authorization from Plaintiff and under directives from Defendants, other Defendants copied, reproduced, displayed, distributed, and/or prepared derivative works of the *Wailer* Mask and made and sold infringing goods.

64. Defendants gained direct financial benefit from the purported licenses

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

and the goods sold by other Defendants based on the purported licenses from Defendants.

65.    Defendants knew the copying, reproduction, display, distribution, and/or preparation of derivative works of the *Wailer* Mask by other Defendants was without consent of Plaintiff and constituted infringement.

66.    Defendants materially contributed to the infringing activities of other Defendants by purporting to license rights to the *Wailer* Mask and by accepting royalty payments from other Defendants from sales of infringing goods.

67.    As a result of the infringement of the *Wailer* Mask, Plaintiff has been damaged and Defendants have been unjustly enriched.

68.    The harm caused to Plaintiff has been irreparable.

69.    Defendants' actions violate Plaintiff' exclusive rights as the copyright owner of the *Wailer* Mask.

70.    Defendants have harmed and will continue to harm Plaintiff unless enjoined and restrained by this Court.

71.    Plaintiff is entitled to injunctive relief prohibiting Defendants from further copying, reproducing, distributing, publicly displaying, preparing derivative works of, purporting to license, and selling infringing goods, including Defendants' Infringing Masks and their downstream customers' and licensees' infringing goods and other infringing uses in violation of Plaintiff' copyrights.

72.    Defendants' contributory infringement has caused and will continue to cause Plaintiff damages.

73.    Plaintiff is entitled to damages, including infringers' profits.

74.    Infringers' profits include, but are not limited to, licensing royalties derived from *Scream VI* (2023), *Scream 7* (2026), *Scary Movie 6* (2026), merchandise, home entertainment sales of all *Scream* films, Season 3 of the *Scream* television series, licensed goods, video games, and other derivative works for which a claim accrued within the three-year period.

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

75.     Plaintiff is entitled to its costs, including reasonable attorneys' fees.

## COUNT III

### (Vicarious Copyright Infringement)

76.     Plaintiff repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

77.     Defendants did not prevent or negligently allowed other Defendants making and selling infringing goods Defendants provided or availed to other Defendants.

78.     Without permission or authorization from Plaintiff, Defendants copied, reproduced, displayed, distributed, and/or prepared derivative works of the *Wailer* Mask and made and sold infringing goods.

79.     Defendants gained direct financial benefit from the goods sold by other Defendants.

80.     Defendants knew the copying, reproduction, display, distribution, and/or preparation of derivative works of the *Wailer* Mask by other Defendants was without consent of Plaintiff and constituted infringement.

81.     Defendants had the right and ability to prevent other Defendants from making and selling infringing goods.

82.     Defendants failed to prevent other Defendants from making and selling infringing goods.

83.     As a result of the infringement of the *Wailer* Mask, Plaintiff has been damaged and Defendants have been unjustly enriched.

84.     Defendants' vicarious infringement has caused and will continue to cause Plaintiff damages.

85.     Plaintiff is entitled to damages, including infringers' profits.

86.     Plaintiff is entitled to its costs, including reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

A.     For an award of damages pursuant to 17 U.S.C. § 504(b) and other applicable law, including actual damages and Defendants' profits for an amount of no less than $200 million, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c);

B.     For additional damages as proven at trial;

C.     For attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505 and other applicable law;

D.     For enjoinment of Defendants from further direct and contributory infringement of the *Wailer* Mask, including from reproducing, distributing, selling, licensing, and displaying publicly Defendants' Infringing Masks;

E.     Award restitutionary relief against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

F.     Award Plaintiff punitive damages pursuant to California law in an amount sufficient to punish Defendants and deter such willful misconduct in the future;

G.     For an award of prejudgment and post-judgment interest and costs of suit to the extent permitted by law; and

H.     For such other and further legal and equitable relief as this Court deems just and proper.

Dated: February 6, 2026

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:   */s/ Brian M. Wheeler*
Brian M. Wheeler
Jon Ustundag
Attorneys for Plaintiff
The Alterian Ghost Factory, Inc. dba Alterian, Inc.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff The Alterian Ghost Factory, Inc. dba Alterian, Inc., hereby demands a jury trial on all issues raised in the Complaint so triable.


Dated:  February 6, 2026                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO


By:   */s/ Brian M. Wheeler*
       Brian M. Wheeler
       Jon Ustundag
       Attorneys for Plaintiff
       The Alterian Ghost Factory, Inc. dba
       Alterian, Inc.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# EXHIBIT A

EXHIBIT A

Registration Number

# VA 2-370-271

**Effective Date of Registration:**
November 08, 2023
**Registration Decision Date:**
November 13, 2023

## Title _____

|  |  |
|---|---|
| **Title of Work:** | "WAILER" Ghost Face Mask |

## Completion/Publication _____

|  |  |
|---|---|
| **Year of Completion:** | 1991 |
| **Date of 1st Publication:** | February 01, 1991 |
| **Nation of 1st Publication:** | United States |

## Author _____

|  |  |
|---|---|
| • **Author:** | The Alterian Ghost Factory, Inc. |
| **Author Created:** | sculpture |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant _____

|  |  |
|---|---|
| **Copyright Claimant:** | The Alterian Ghost Factory, Inc.<br>15709 Arrow Highway Ste. 1, Irwindale, CA, 91706, United States |

## Rights and Permissions _____

|  |  |
|---|---|
| **Organization Name:** | Greenberg Traurig LLP |
| **Name:** | Sang Eun Lee |
| **Email:** | jennice.lee@gtlaw.com |
| **Telephone:** | (214)665-3712 |

## Certification _____

|  |  |
|---|---|
| **Name:** | Sang Eun Lee |

**Date**:   November 08, 2023
**Applicant's Tracking Number**:   213326.010100

---

**Correspondence**:   Yes